IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANDREW RICARD,
TIM MACKAY,

On behalf of themselves and
all others similarly situated,

                OPINION & ORDER

             Plaintiffs,

                                      15-cv-299-jdp
  v.

KBK SERVICES INC.,

             Defendant.

---

      Plaintiffs Andrew Ricard and Tim Mackay accuse their former employer, defendant KBK Services Inc., of underpaying employees. Plaintiffs seek to represent a collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-19, and a class action under Wisconsin wage and hour laws, Wisconsin Statutes § 109.03 and Wisconsin Administrative Code DWD § 272.12. Plaintiffs have moved to certify their proposed state-law class under Federal Rule of Civil Procedure 23, Dkt. 68, which the court will grant. Defendant has moved to decertify plaintiffs' FLSA collective action, Dkt. 78, which the court will deny.

BACKGROUND

      Plaintiffs work on construction projects located through northern Wisconsin. They are usually assigned to work on one project per week, but sometimes they work on multiple projects during a given week. When a jobsite is more than 90 miles away from an employee's home, defendant will pay for a motel room for the project's foreman, but not for any other employees. On occasion, employees arrive early to help load trucks with construction

equipment, and then they drive the trucks to the jobsites. Employees are allowed, space permitting, to stay overnight at another of defendant's shops if a jobsite is located nearby. When they do so, they sometimes help unload trucks or pick up supplies at the end of the workday.

Employees are required to clock in on arrival at their assigned jobsite and to clock out when they leave the site for the night. Employees may also count time spent commuting from one jobsite to another as work time when they perform work on both sites during the same day. These are the only hours that are tracked, and the only hours that appear on an employee's timecard. Thus, generally speaking, hours spent commuting or performing work activities at defendant's shops are not tracked or counted as work time, and those hours are therefore not paid or used to calculate overtime pay.

The court has jurisdiction over the FLSA claims under 28 U.S.C. § 1331, and over the state law claims under 28 U.S.C. § 1367.

ANALYSIS

Plaintiffs have moved for class certification of the state law claims under Rule 23. The parties stipulated to conditional certification of a FLSA collective action, which defendant now moves to decertify. Defendant contends that the named plaintiffs and the proposed class are not similarly situated, precluding resolution of their claims on a class-wide basis. Because plaintiffs meet all requirements for both class certification under Rule 23 and collective action certification under the FLSA, the court will grant plaintiffs' motion to certify the Rule 23 class and deny defendant's motion to decertify the FLSA collective action.

**A. Rule 23 class certification of state-law claims**

Plaintiffs propose a Rule 23 class of:

> all KBK employees who, during the time period of April 18, 2013 and thereafter, traveled at least 90 miles from their home to work on a KBK jobsite, and was [sic] not paid for all of their travel time between their home and the KBK jobsite and/or did not have all of their travel time counted as hours worked in determining their eligibility for overtime pay.

This definition includes one potential plaintiff whose claim is barred by the two-year statute of limitations for wage claims under Wisconsin Statute § 893.44(1). That class member last traveled at least 90 miles to one of defendant's projects on May 10, 2013, and he received a paycheck for that work on May 16, 2013, when his claim accrued. His claim was extinguished two years later, on May 16, 2015, but plaintiffs did not bring this case until May 19, 2015. His claim is thus time barred and the court will revise the definition as follows:

> all KBK employees who, during the time period of May 19, 2013 and thereafter, traveled at least 90 miles from their home to work on a KBK jobsite, and were not paid for all of their travel time between their home and the KBK jobsite or did not have all of their travel time counted as hours worked in determining their eligibility for overtime pay.

The court will certify a class action only if, "after a rigorous analysis," the court is satisfied that plaintiffs have met the requirements of Rule 23. *Davis v. Hutchins*, 321 F.3d 641, 649 (7th Cir. 2003). Under Rule 23(a), the proposed class must satisfy the requirements of numerosity, commonality, typicality, and adequacy of representation. Because plaintiffs seek monetary damages, the class must also satisfy Rule 23(b)(3), which requires that: (1) common questions predominate over individualized questions; and (2) the class action device is superior to another method of adjudication.

1. **Numerosity**

Rule 23(a)(1) requires that the be class "so numerous that joinder of all members is impracticable." There is no explicit cut-off, but the Seventh Circuit has found classes of forty members to be sufficient. *See Swanson v. Am. Consumer Indus., Inc.*, 415 F.2d 1326, 1333 n.9 (7th Cir. 1969). In this case, the class includes 25 members total. Although it would be possible to join the 25 class members as individual plaintiffs, a class is more practical for two reasons. First, the cost of litigation far outstrips the amount of damages that each plaintiff has at stake, making individual suits unlikely. Second, plaintiffs attack a single company-wide policy, allowing the court to efficiently resolve the issue for all 25 class members. *See Hohmann v. Packard Instrument Co.*, 399 F.2d 711, 715 (7th Cir. 1968) (Class actions are intended to "achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results."). Thus, the Rule 23 class has satisfied the numerosity requirement.

2. **Commonality**

Rule 23(a)(2) requires "questions of law or fact common to the class." But the more apt analysis is whether there are common answers to those questions. *Wal-Mart Stores, Inc. v. Dukes,* 131 S. Ct. 2541, 2551 (2011). In this case, the class's claims stem from a single course of conduct by defendant: defendant's policy of not paying for, and not counting as time worked for calculation of overtime, any travel time between their employees' homes and jobsites. Although the legality of the policy is not the only question to be resolved in this case—for example, there are the questions of whether driving time over 90 miles or time spent delivering supplies to the jobsite are compensable—these are also common contentions

that lend themselves to class-wide resolution. Plaintiffs have satisfied Rule 23's commonality requirement.

### 3. Typicality

Rule 23(a)(3) requires "claims or defenses of the representative parties [to be] typical of the claims or defenses of the class." If the class representatives' claims have "the same essential characteristics" as the class members' claims, then the requirement is satisfied. *Muro v. Target Corp.*, 580 F.3d 485, 492 (7th Cir. 2009) (citation omitted). The representatives' claims are identical to those of the proposed class. Plaintiffs' claims all relate to time spent driving, and their theory of recovery is the same. They satisfy the typicality requirement.

### 4. Adequacy of representation

The final requirement of Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." This involves two inquiries: (1) whether the class representatives' interests are aligned with those of the class; and (2) whether class counsel is capable of litigating the case. *Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011), *as modified*, (Sept. 22, 2011).

Plaintiffs do not appear to have any conflict with the class. Defendant contends that they are not adequately aligned with the class because they worked for defendant for only a few months and, as a result, their expected damage awards are small. But plaintiffs "possess the same interest and suffer[ed] the same injury" as the rest of the class. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997). They meet the proposed class definition, and have alleged damage amounts in the thousands of dollars. They therefore adequately represent the class.

Defendant contends that class counsel is inadequate because of his "egregious conduct" in litigating this case so far. Dkt. 98, at 23. Defendants allege that counsel delayed submitting certain forms, delayed correcting deposition testimony, and represented third party witnesses. Dkt. 98, at 23-27. The court is required to deny class certification where "[m]isconduct by class counsel . . . creates a serious doubt that counsel will represent the class loyally[.]" *Creative Montessori Learning Ctrs. v. Ashford Gear LLC*, 662 F.3d 913, 918 (7th Cir. 2011). None of defendant's allegations constitutes egregious misconduct or raises a serious doubt about counsel's loyal representation of the class. He has experience litigating these types of cases and does not appear to have any conflicts with the class. Both plaintiffs and plaintiffs' counsel are adequate representatives of the class, and they satisfy this requirement.

### 5. Predominance and superiority

Plaintiffs and the class that they represent seek monetary damages rather than equitable relief. Therefore, Rule 23(b)(3) is applicable. It requires that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3); *see also Chi. Teachers Union v. Bd. of Educ. of Chi.*, 797 F.3d 426, 444 (7th Cir. 2015) ("Common issues of fact and law predominate in particular when adjudication of questions of liability common to the class will achieve economies of time and expense."). To determine whether that is the case, courts consider the interest that class members have in individually controlling their own claims, the nature and extent of any other litigation about the controversy, the desirability of

6

concentrating the litigation here, and any management challenges that the case may present. Fed. R. Civ. P. 23(b)(3).

First, although class members have an interest in controlling their own claims, they also have an interest in the efficient resolution of their claims, which the class action device provides. Individually litigating each class member's claims would be expensive and time consuming. Second, though named plaintiffs brought individual lawsuits against defendant in conjunction with these class and collective actions (an FLSA retaliation claim and a Wisconsin prevailing wage claim), there is no indication that those suits would be in conflict with the class claims. Third, consolidating the issues into one case and resolving them is efficient. Finally, proceeding as a class does not present manageability issues. All class members were subject to a uniform compensation policy and they present the same issues for resolution. Although their potential damages may vary in amount, those variations do not ameliorate the benefits of proceeding as a class action. At most, they would require 25 different damages calculations. *Cf. Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 773 (7th Cir. 2013) (requiring 2,341 separate evidentiary hearings). Even with 25 different damages calculations, collectively resolving the issues in this case as a class action would achieve economies of time and expense, and it is the best way to proceed. The court concludes that common questions predominate.

Because they have satisfied Rule 23, the court will grant plaintiffs' motion for certification of the Rule 23 class.

**B. Decertification of collective action of FLSA claims**

The parties stipulated to conditionally certify a collective action for alleged violations of the FLSA, based on the same policies discussed above. But the FLSA action involves sub-

issues that are not specified in the Rule 23 class action. Specifically, whether employees were denied pay for: (1) travel time between their homes and jobsites when there was a stay away from home during the trip; (2) travel time that cut across regular working hours; (3) time spent delivering supplies to the jobsite; and (4) time spent driving to jobsites after having helped load trucks. Plaintiffs also contend that defendant violated the FLSA by calculating overtime pay at a rate lower than that permitted by law.

A collective action is slightly different from a class action because members must opt in to participate. However, the certification process for both kinds of actions are similar. *See Espenscheid*, 705 F.3d at 771-72. Defendants have now moved to decertify the class. The inquiry is whether plaintiffs and the opted-in members are similarly situated. First, the court makes a preliminary determination and conditionally certifies the collective action. Second, after plaintiffs have sent opt-in notices to potential class members and discovery is over, the court reassesses whether plaintiffs and the opted-in members are actually similarly situated. *Bitner v. Wyndham Vacation Resorts, Inc.*, 301 F.R.D. 354, 358 (W.D. Wis. 2014).

The court is at this last step and must now determine whether plaintiffs are in fact similarly situated to the employees who have opted in. The parties identified 29 employees who could potentially opt in, including the named plaintiffs. However, the parties completed briefing on defendant's motion before the time period for members to opt in had expired, and they failed to notify the court after the time period expired with information regarding membership beyond the two named plaintiffs. Therefore, the court cannot conduct the analysis because it is still not clear who else has opted in. The court will deny defendant's motion to decertify without prejudice.

ORDER

IT IS ORDERED that:

1. Plaintiffs Andrew Ricard and Tim Mackey's motion for class certification, Dkt. 68, is GRANTED.

2. Defendant KBK Services, Inc.'s motion to decertify the FLSA collective action, Dkt. 78, is DENIED.

Entered June 1, 2016.

                                                BY THE COURT:

                                                /s/

                                                _____
                                                JAMES D. PETERSON
                                                District Judge