IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANDREW RICARD and TIM MACKAY,

                Plaintiffs,

v.

KBK SERVICES, INC.,

                Defendant.

ORDER

15-cv-299-jdp

---

Plaintiffs have moved the court to reconsider several aspects of its September 7, 2016, opinion and order. Dkt. 163 and Dkt. 164. The court will grant plaintiffs' motion in part.

The court will not reconsider its decision regarding the applicable limitations periods. The court determined that a two-year statute of limitations applies to plaintiffs' FLSA claims and Wisconsin state law claims. Dkt. 163, at 7-8 ("Accordingly, the court will not consider any FLSA or Wisconsin compensation claims for events that took place more than two years before plaintiffs asserted their claims in this action."). Plaintiffs do not dispute this determination. Instead, plaintiffs contend that their claims regarding compensation for time spent loading trucks and delivering tools and materials to jobsites (pursuant to 29 C.F.R. § 785.38 and Wis. Adm. Code § DWD 272.12(2)(g)(5), regarding travel that is "all in the day's work")—originally alleged on September 28, 2015—should *relate back* to the date that plaintiffs initiated this lawsuit. Plaintiffs' argument is unpersuasive.

An amended pleading relates back to the date of an earlier pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]" Fed. R. Civ. P. 15(c)(1)(B). "In general, relation back is permitted under Rule 15(c)(2) where an amended

complaint asserts a new claim on the basis of the same core of facts, but involving a different substantive legal theory than that advanced in the original pleading." *Bularz v. Prudential Ins. Co. of Am.*, 93 F.3d 372, 379 (7th Cir. 1996) (allowing amended complaint to relate back when its new claim was based on the *same events* alleged in the initial complaint). Here, plaintiffs required a different set of facts to advance their claims under 29 C.F.R. § 785.38 and Wis. Adm. Code § DWD 272.12(2)(g)(5). *See* Dkt. 39, ¶¶ 54-56. Plaintiffs' second amended complaint incorporated new factual allegations regarding loading trucks and bringing tools and materials to and from jobsites. Nothing in the initial complaint or the first amended complaint would have supported these claims. Accordingly, these claims do not relate back to the initial complaint, and plaintiffs' claims regarding compensation for so-called "commuting time" are timely only if plaintiffs seek compensation for activity occurring on or after September 28, 2013. The court will deny this aspect of plaintiffs' motion for reconsideration.

The court will grant the aspect of plaintiffs' motion for reconsideration concerning the "all in the day's work" commuting time claims. Neither party sought summary judgment on these claims, although it is not clear whether any of these claims are timely. But the case will remain open to resolve them.

The October 31, 2016, trial date remains in place.

ORDER

IT IS ORDERED that:

1. Plaintiffs' motion for reconsideration, Dkt. 164, is GRANTED in part and DENIED in part, as stated above.

2. The case will remain open to resolve plaintiffs' claims for travel pay after they loaded trucks (i.e., "commuting time"), to the extent plaintiffs seek compensation for activity that occurred on or after September 28, 2013.

3. The parties' joint motion to adjourn the trial date, Dkt. 161, is DENIED.

Entered September 8, 2016.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge