IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANDREW RICARD and TIM MACKAY,

                Plantiffs,

v.

KBK SERVICES, INC.,

                Defendant.

ORDER

15-cv-299-jdp

---

On September 8, 2016, the court clarified that one claim remained after the court ruled on the parties' motions for summary judgment: plaintiffs' "all in the day's work" commuting time claim *for activity that occurred on or after September 28, 2013*. Dkt. 166, at 3.

Now defendant KBK Services, Inc. has filed a second motion for summary judgment, to dispose of plaintiffs' remaining claim. Dkt. 167. KBK contends that in light of the court's September 8 order, the claim is undisputedly time barred.

Plaintiffs concede that they did not work for KBK on or after September 28, 2013. Dkt. 172, at 1. But plaintiffs nevertheless oppose KBK's motion, by rearguing a statute of limitations issue that the court has already resolved. The court already explained that it will not reconsider its decision regarding the applicable FLSA limitations period; the court has *twice* determined that a two-year statute of limitations applies to plaintiffs' FLSA claims, and plaintiffs have not offered any new arguments or evidence that would change the previous analyses.

For reasons articulated in the September 8 order, plaintiffs' second amended complaint does not relate back to their initial complaint. As the court explained, plaintiffs needed a different set of facts to advance claims under 29 C.F.R. § 785.38 and Wis. Adm.

Code § DWD 272.12(2)(g)(5). Neither the initial complaint nor the first amended complaint would have supported those claims.

And as articulated in the court's September 7 summary judgment opinion, plaintiffs have not demonstrated that a three-year statute of limitations should apply to their FLSA claims. Notably, plaintiffs did not dispute the court's determination that a two-year statute of limitations applies to their FLSA claims in their motion for reconsideration. Dkt. 165; *see also* Dkt. 166, at 1 ("The court determined that a two-year statute of limitations applies to plaintiffs' FLSA claims and Wisconsin state law claims. . . . Plaintiffs do not dispute this determination. Instead, plaintiffs contend that their claims regarding compensation for time spent loading trucks and delivering tools and materials to jobsites . . . should *relate back* to the date that plaintiffs initiated this lawsuit."). But now plaintiffs contend that they did not have the opportunity to adequately address the two-versus-three-year statute of limitations issue. Plaintiffs' version of the events does not accurately reflect what happened at summary judgment. In their opening brief in support of summary judgment, plaintiffs stated that "[t]he Court should presume the applicability of a three year statute of limitations during the liability phase of the case, leaving for the damages phase the issue of whether the employer's FLSA violations were willful." Dkt. 109, at 9. As reasonably expected, KBK responded to this statement in its opposition brief, arguing that a two-year statute of limitations applies to plaintiffs' FLSA claims. Dkt. 137, at 2-3. KBK explicitly—and rightfully—pointed out that plaintiffs had failed to adduce evidence to support a three-year limitations period. *Id.* at 3. Plaintiffs moved for summary judgment on their FLSA claims, explicitly raised the statute of limitations issue, and failed to carry their burden on the issue.

The court noted that "[a]t summary judgment, instead of developing this point with evidence, plaintiffs contend that the court should assume willfulness until a later point in the case." Dkt. 163, at 7. Plaintiffs did not, and cannot now, point the court to evidence in the record that would support a finding of willfulness and, as a result, application of a three-year limitations period.

Plaintiffs have once again failed to convince the court to change its mind regarding the FLSA two-year limitations period. Accordingly, plaintiffs' remaining claim for travel pay after loading trucks (i.e., "commuting time") is time barred, and KBK is entitled to summary judgment.

ORDER

IT IS ORDERED that:

1. Defendant KBK Services, Inc.'s second motion for summary judgment, Dkt. 167, is GRANTED.

2. The clerk of court is directed to enter judgment for defendant and close this case.

Entered October 3, 2016.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge