IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANDREW RICARD and TIM MACKAY,

                Plaintiffs,

  v.

KBK SERVICES, INC.,

                Defendant.

ORDER

15-cv-299-jdp

---

On September 7, 2016, the court issued its first of two summary judgment opinions in this case. Dkt. 163. That same day, plaintiffs moved for reconsideration, arguing that KBK had not moved for summary judgment on plaintiffs' "all in the day's work" claim, and that the court had gotten its decision regarding the applicable statutes of limitations wrong. Dkt. 164 and Dkt. 165. The court granted plaintiffs' motion in part: the court explicitly stated that it would not reconsider its decisions regarding the applicable limitations periods or plaintiffs' "relate back" arguments, but the court did recognize that plaintiffs' "all in the day's work" claim remained live. Dkt. 166. Several days later, KBK filed a second motion for summary judgment on plaintiffs' one remaining claim. Dkt. 167. Plaintiffs objected, arguing, once again, that the court erred when it decided that plaintiffs' second amended complaint did not relate back to earlier complaints and when it decided that a two-year limitations period applied to plaintiffs' FLSA claims. Dkt. 172. The court granted summary judgment for KBK and closed the case. Dkt. 173 and Dkt. 174.

Now plaintiffs have, once again, moved for reconsideration. Dkt. 175. First, plaintiffs challenge decisions the court made in its first summary judgment opinion regarding plaintiffs' 29 C.F.R. § 785.39 and Wis. Adm. Code § DWD 272.12(2)(g)(6) claims. The court notes

that plaintiffs have already moved for reconsideration of the September 7 summary judgment opinion, and they did not raise any arguments regarding these claims at that time. The court will not reconsider these aspects of its summary judgment opinion. Plaintiffs simply reargue issues that they raised at summary judgment—or that they *should* have raised at summary judgment. "Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). Plaintiffs have not demonstrated either, and the court will deny these aspects of plaintiffs' motion.

Second, plaintiffs also reargue their objections concerning the timeliness of Mackey's July 2013 "driving the company truck" claim. Plaintiffs appear to have simply recast their "relate back" argument. "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). By the time the court granted KBK's second motion for summary judgment, it had decided the statute of limitations issue *twice*. The court will deny this final aspect of plaintiffs' motion.

From this point, plaintiffs' further arguments are properly directed to the court of appeals.

ORDER

IT IS ORDERED that plaintiffs' motion for reconsideration, Dkt. 175, is DENIED.

Entered October 6, 2016.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge